SEMON BACHE AND OTHERS, RESPONDENTS, *v.* MARGARET PURCELL, IMPLEADED, ETC., APPELLANT.

*Junior mortgagee — right to foreclose junior, after judgment of foreclosure and sale on prior mortgage.*

A junior mortgagee may maintain an action for the foreclosure of his mortgage, notwithstanding the fact that an action to foreclose a prior mortgage, to which action such junior mortgagee was a party, has proceeded to judgment of foreclosure and sale.

APPEAL from a judgment of the Special Term, in favor of the plaintiff.

*W. H. Arnoux*, for the appellant.

*G. H. Brewster*, for the respondent.

DAVIS, P. J.:

This action was brought to foreclose the mortgage of certain premises executed by one Arnoux to one Meehan, and by the latter assigned to the plaintiffs, upon which mortgage the court found the sum of $1,600 principal, with interest thereon from the 1st day of February, 1873, to be due. The defendant, Margaret Purcell, pleaded in bar to said action that, before the commencement of this action, the plaintiffs were made defendants in an action in the Supreme Court between one Innes, plaintiff, and the said Arnoux, and others, defendants, brought to foreclose a prior mortgage on the same premises described in the complaint in this action, and that on or about the 2d day of September, 1873, judgment of foreclosure was duly entered therein, and that thereby the interest of the plaintiff in this action was barred and foreclosed. The court below has found, as facts, that such action was commenced to foreclose a prior mortgage on the same premises; that the plaintiffs in this action were made parties thereto, and were served with summons and complaint, and that judgment for sale and foreclosure was entered therein before the commencement of this action; that no sale has been made or had under such judgment, and that an appeal from said judgment was taken and

perfected on or about the 10th of October, 1873. The plaintiffs in this action were made parties to the former action as junior incumbrancers of the premises. The mortgage held by them was not in any manner, nor were their rights and interests in any way set forth, nor was any decree or other proceeding prayed for to establish and foreclose such mortgage. The effect of the judgment of foreclosure and sale on the prior mortgage as between the plaintiffs therein and the plaintiffs in this action, was to determine the priority of the first mortgage as a lien upon the lands, and to declare that upon a sale of the land, the present plaintiffs should be forever barred and foreclosed of all rights and equities of redemption in and to the premises. It did not, as between the present plaintiffs and the mortgagor, establish the validity of the second mortgage now sought to be foreclosed, nor in any manner determine the rights of the present plaintiffs as against such mortgagor, or against the owner of the equity of redemption in the lands. The judgment was not, therefore, in our opinion, a bar to any action or proceeding by the present plaintiffs against the mortgagor, or owner of the equity of redemption to enforce the second mortgage; although a sale upon the first decree would, undoubtedly, have had the effect to cut off the rights of the plaintiffs to such a proceeding. The equity of redemption remained, until the sale, in the owner of the fee of the land who would be entitled to receive its rents, issues and profits, and at any time, before the sale under the first mortgage, to redeem by paying the judgment and costs recovered on the foreclosure. So if, before sale upon the foreclosure of the first mortgage, the plaintiffs shall have obtained judgment establishing their mortgage and their rights thereunder against the mortgagor, and the owner of the equity of redemption in the lands, they will thereby have entitled themselves to redemption from the first mortgage, by paying the decree entered in the foreclosure suit thereon. Nor do we think that the plaintiffs were obliged, before instituting this proceeding, to await the result of the appeal which had been taken in the first foreclosure suit. Of course all proceedings taken by them will be subject to the prior lien of the decree in the first suit; and if their suit shall ripen into judgment and proceed to a sale, before the termination of the appeal, such sale must, of necessity, be made subject to all

the rights that have been, or may be, established in the former action. The decree itself, in form, provides that the present plaintiffs shall be barred and foreclosed, upon a sale, by virtue of the decree. If a sale should occur under the first decree at any time pending the present action, there seems to be no doubt that the court would control the proceedings in the present suit, so far as to restrict the rights of the plaintiff to a participation in any surplus which may result upon such sale; or if no surplus result, to take their judgment upon the bond given by the mortgagor, as described in the complaint. Under the present system, in which the rights of the parties to a final judgment are dependent upon the facts set forth in the complaint, we see no reason why if it should be made to appear to the court by supplemental complaint or answer, that such sale had taken place, and that no surplus had resulted, it would not be entirely in the power of the court to give judgment upon the bond, and thus save the necessity of another action upon that instrument. But while the equity of redemption remained in the mortgagor or the owner of the fee, we see no reason for holding that a decree upon a first mortgage, *ipso facto,* operates as a bar to prevent proceedings to enforce junior mortgages or judgments.

For these reasons, and for those assigned by the court below, the judgment should be affirmed, with costs.

DANIELS and BRADY, JJ., concurred.

Judgment affirmed, with costs.